UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN R. ALICEA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TACOMA POLICE DEPT., et al.,<br><br>　　　　　　Defendants. | CASE NO. C16-5153 RBL-KLS<br><br>ORDER TO SHOW CAUSE OR TO AMEND |

Before the Court for review is Plaintiff Nathan Alicea's proposed civil rights complaint. Dkt. 7. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 6. The Court has determined that it will not direct service of plaintiff's complaint at this time because it is deficient. However, plaintiff will be given an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint **by May 6, 2016**.

## BACKGROUND

Plaintiff is incarcerated at the Pierce County Jail. He seeks "One Hundred Million Dollars" in damages and purports to sue the Tacoma Police Department, St. Joseph Hospital, all state judicial benches, the entire Department of Corrections, all jails, prisons, the SCORE jail, all peace officers in King and Pierce County, Corrections Officer Summers at SCORE, the State of Washington, and state prosecutors. Dkt. 7. Plaintiff acknowledges that he has not completed the grievance process. *Id.* at 1.

ORDER TO SHOW CAUSE OR TO AMEND- 1

Plaintiff alleges that he received multiple injuries in a motorcycle accident on December 19, 2015. He was treated at St. Joseph's Hospital and released to SCORE Jail on December 22, 2015. He alleges that at SCORE, he was made to sleep on the floor, was denied a wheelchair and pain medications, and was given only anti-inflammatory medication. He alleges that Corrections Officer Summers at SCORE denied him medical care even though his left leg was infected. On January 14, 2016, he was transferred to "RJC" jail, where he alleges he was again denied medication by unknown staff. He further alleges that he was also denied medication by unknown staff at the Pierce County Jail, where he was transferred on January 15, 2016. *Id.*

## DISCUSSION

The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Plaintiff's complaint is brought under § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.     Exhaustion**

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative remedies before bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin v. Arpaio,* 557 F.3d 1117, 1119 (2009). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Id.* Because the purpose of exhaustion is to

give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id.* at 1120.

Plaintiff's civil rights complaint is dated February 7, 2016. Consequently, any claim not exhausted prior to that date may not be pursued in this action. Exhaustion must *precede* the filing of the complaint and compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002).

In his complaint, plaintiff states that there is a grievance process at the Pierce County Jail, that he has filed a grievance, but that the grievance process is not complete. Dkt. 7, at 1. Plaintiff does not indicate whether he filed any grievances at SCORE or any other facility where he alleges he was denied appropriate medical care. Therefore, it appears plaintiff filed this lawsuit prematurely. Plaintiff is directed to explain why his complaint should not be dismissed without prejudice for failure to fully exhaust.

**B.     Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (*quoting McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett*, 439

ORDER TO SHOW CAUSE OR TO AMEND- 3

F.3d at 1096 (*citing McGuckin*, 974 F.2d at 1060).  To state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (*citing Estelle*, 429 U.S. at 105–06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir.1995); *see also McGuckin*, 974 F.2d at 1050.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981).  To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health."  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1986).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).

Plaintiff has failed to set forth facts sufficient to state a claim under the Eighth Amendment.  If he intends to pursue this claim, he must submit an amended complaint setting

1 out facts showing he was suffering from a serious medical need and that a specific person or
2 persons knew of and disregarded a significant risk to his health.

3       Plaintiff names numerous organizations and groups of individuals, but alleges no facts
4 specific to any one individual.  The only exception is plaintiff's allegation that Corrections
5 Officer Summers denied him medical care when his leg was infected.  However, even as to this
6 allegation, plaintiff has failed to allege facts sufficient to state a claim.  To obtain relief against a
7 defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused
8 or personally participated in causing the deprivation of a particular protected constitutional right.
9 *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290
10 (9th Cir. 1977).  Sweeping conclusory allegations against an official are insufficient to state a
11 claim for relief.  It is simply not enough to claim that "all the defendants" or that a list of
12 defendants violated his rights.  The plaintiff must set forth specific facts showing a causal
13 connection between each defendant's actions and the harm allegedly suffered by plaintiff.
14 *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

15       In addition, defendants in a 42 U.S.C. § 1983 action cannot be held liable based on a
16 theory of respondeat superior or vicarious liability.  *Polk County v. Dodson*, 454 U.S. 312, 325
17 (1981); *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986). "At a minimum, a
18 § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or
19 knowingly acquiesced in the unconstitutional conduct." *Bellamy v. Bradley*, 729 F.2d 416, 421
20  (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

21       Plaintiff must describe who violated his rights, when they violated his rights, and how
22 this violation caused him harm.  Absent such allegations, the individuals named in the complaint
23 will be dismissed.

24

**CONCLUSION**

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before May 6, 2016.** If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information Sheet.**

**DATED** this 4th day of April, 2016.

Karen L. Strombom
United States Magistrate Judge