UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN R. ALICEA,<br><br>                        Plaintiff,<br>    v.<br><br>SCORE JAIL, et al.,<br><br>                        Defendants. | No. C16-5153 RBL-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  September 30, 2016** |

Before the Court is the Motion to Dismiss of Defendant Pierce County Jail. Dkt. 32. Pierce County Jail also served plaintiff with a Rand and Wyatt Notice to Pro Se Prisoner. Dkt. 33. Pierce County Jail contends that Plaintiff Nathan R. Alicea's claims against it should be dismissed because plaintiff has failed to state a claim of supervisor and/or municipal liability, has failed to state a claim of deliberate indifference under the Eighth Amendment, and because the Pierce County Jail is not subject to suit under 42 U.S.C. § 1983.  *Id.*  Plaintiff filed no papers in opposition to the motion.

The Court concludes that Defendant Pierce County Jail's motion should be granted on the grounds that it is not an entity subject to suit under § 1983.  For this reason, the Court does not reach the alternative grounds for dismissal.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

In his amended complaint, plaintiff alleges that at the time he was booked in the Pierce County Jail on January 15, 2016, he was suffering from injuries he had received thirty days prior in a motorcycle accident, including a dislocated hip, dislocated shoulder, and broken ribs. He claims that he asked to be accommodated by being placed on a lower tier and in a lower bunk, but was instead taken to an upstairs cell. He also alleges that he was not given appropriate medical treatment or medication for his injuries. Dkt. 10. In addition to the Pierce County Jail, plaintiff sues SCORE Jail, Naphcare, Inc., Correct Care Solutions, the Department of Corrections, and Corrections Officer Zackary Johnson. *Id.*

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may grant a dismissal for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *reh'g denied*, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Where a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). While the court can liberally

REPORT AND RECOMMENDATION - 2

construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  A motion to dismiss only admits, for the purposes of the motion, all well pleaded facts in the complaint, as distinguished from conclusory allegations.  *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *see also, Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. §1983).

## DISCUSSION

Pursuant to Fed. R. Civ. P. 17(b)(3), an entity's capacity to sue or be sued is determined by the law of the state where the Court is located.  In Washington, counties may sue and be sued.  RCW 36.01.010.  *See also* RCW 36.32.120.  However, county departments, such as Pierce County Jail, cannot be sued unless the law creating that department also allows the department to be sued directly.  *Roth v. Drainage Improvement Dist. No. 5, of Clark County,* 64 Wn.2d 586, 588, 392 P .2d 1012 (1964); *Nolan v. Snohomish County*, 59 Wn.App. 876, 883, 802 P.2d 792 (1990); *Broyles v. Thurston County*, 147 Wn.App. 409, 427-28, 195 P.3d 984 (2008).  This Court has not been cited to any law that would permit a suit directly against the Pierce County Jail.

In § 1983 litigation, county or municipal police departments are generally not considered persons amenable to suit.  *United States v. Kama,* 394 F.3d 1236, 1239-1240 (9th Cir.2005). Section 1983 applies to the actions of "persons" acting under color of state law. The language of § 1983 is expansive and does not expressly incorporate common law immunities.  *Owen v. City of Independence, Mo*., 445 U.S. 622, 637 (1980).  While municipalities are subject to suit under

REPORT AND RECOMMENDATION - 3

§ 1983, *see Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978), plaintiff has not named the county as a party nor has he challenged any actions, policies or customs of a local governmental unit. *See Nolan v. Snohomish County*, 59 Wash.App. 876, 883, 802 P.2d 792, 796 (1990); *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D.Wash.2008) (the Seattle Police Department is not a legal entity capable of being sued under § 1983).

The Pierce County Jail is not subject to suit in a 42 U.S.C. § 1983 action and therefore, all claims against it should be dismissed.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant Pierce County Jail's motion to dismiss (Dkt. 32) be **granted** and plaintiff's claims against Defendant Pierce County Jail be **dismissed with prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 30, 2016**, as noted in the caption.

**DATED** this 13th day of September, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4