UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHAN R. ALICEA, | |
| Plaintiff, | No. C16-5153 RBL-KLS |
| v. | **REPORT AND RECOMMENDATION** |
| SCORE JAIL, et al., | **Noted for: November 18, 2016** |
| Defendants. | |

Defendants Correct Care Solutions, LLC ("CCS") and Ron Whitten-Bailey, ARNP (collectively "the Medical Providers"), move for summary judgment dismissal of Plaintiff Nathan R. Alicea's claims against them pursuant to Fed.R.Civ.P. 56. Dkt. 44. Mr. Alicea, a former prisoner proceeding pro se, claims that the Medical Providers were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights when he was incarcerated the SCORE Jail. Dkt. 10 (Amended Complaint). Specifically, he claims that the Medical Providers (1) gave him non-narcotic pain killers rather than narcotic pain killers, (2) delayed his visit with a medical provider, and (3) his leg was treated by Mr. Whitten-Bailey after it became infected. *Id.*

Mr. Alicea filed no response to the motion for summary judgment. The Medical Providers urge that Mr. Alicea's failure to respond to their motion may be considered by the Court as an admission that the motion has merit pursuant to LCR 7(b)(2). However, the rule does not apply to motions for summary judgment. *See* LCR 7(b)(2); *see also*, *Heinemann v.*

REPORT AND RECOMMENDATION - 1

*Satterberg*, 731 F.3d 914, 917 (9th Cir.2013) (local rule permitting a district court to treat the lack of a response as consent to granting a motion does not apply to summary judgment motions). If a summary judgment motion is unopposed, Rule 56 "authorizes the court to consider a fact as undisputed," but it does not permit the court to grant summary judgment by default. Indeed, under the summary judgment standard, if the moving party fails to meet its initial burden of production, the opposing party need not produce anything. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc*., 210 F.3d 1099, 1102–03 (9th Cir.2000). The Court must therefore address the Medical Providers' motion for summary judgment on the merits, rather than granting it summarily.

Having reviewed the motion for summary judgment, declarations, the Amended Complaint, and balance of the record, and for the reasons set forth herein, the undersigned recommends that the Medical Providers' motion for summary judgment be granted.

## STATEMENT OF UNDISPUTED FACTS

**A.     Facts Preceding Mr. Alicea's Stay at SCORE Jail**

Mr. Alicea's medical records reflect that he is frequently incarcerated in jail and has a history of mental illness. Declaration of Eric C. Nelson, ARNP, Health Services Administrator of CCS at SCORE ("Nelson Decl."), ¶ 2; Declaration of Ron Whitten-Bailey, ARNP, Nurse Practitioner of CCS at SCORE ("Whitten-Bailey Decl."), ¶ 2. Medical records at SCORE Jail obtained from St. Joseph's Hospital reflect that Mr. Alicea sustained injuries on December 9, 2015 when he was riding a motorcycle while under the influence of methamphetamine. *Id*., Dkt. 46-1, Ex. 1, pp. 1-4; Dkt. 47-1, Ex. 1, pp. 1-4 [St. Joseph's Hospital Records][1].

---

[1] All citations are to CM/ECF numbering.

REPORT AND RECOMMENDATION - 2

**B.    Facts Relating to Mr. Alicea's Stay at SCORE Jail**

Mr. Alicea was booked into SCORE Jail on December 22, 2015 and was transferred out less than one month later, on January 14, 2016. Dkt 10, pp. 4, 4.3. On December 23, 2015, the day after he was booked, the Medical Providers began giving Mr. Alicea pain medications and continued to give him pain medications every day through his release. Dkt. 46, Nelson Decl. at ¶ 4; Dkt. 47, Whitten-Bailey Decl. at ¶ 3; Dkt. 47-1, Ex. 2, pp. 18-23. A list of medications administered to Mr. Alicea during this time period included ibuprofen, acetaminophen, Wellbutrin Sr, Trazodone, and Prazosin. *Id*.

Nurse Practitioner Whitten-Bailey states that there are good reasons not to give narcotics to inmates with histories of drug abuse, including that it contributes to their addiction while they are in jail. Dkt. 47, Whitten-Bailey Decl., ¶ 4. Providing non-narcotic pain medication is generally an accepted way of treating the pain of inmates with narcotics addictions. *Id*.

On December 27, 2016, at 6:49 am, CCS received a Medical Service Request (Medical Kite) from Mr. Alicea. Dkt. 46, Nelson Decl., ¶ 5, Dkt. 46-1, Ex. 3 [12/27/15 Medical Kite], pp. 25-26. The Kite was entered into the system by CCS employee Jacquelyn Bensinger. *Id*. The same day, at 3:40 pm, Mr. Alicea was examined by Ron Whitten-Bailey, ARNP. *Id*., Nelson Decl., Ex. 4, pp. 29-30 [Sick Calls]; Dkt. 47, Whitten-Bailey Decl., ¶ 5. At this visit, Mr. Whitten-Bailey provided Mr. Alicea with an additional mattress and anti-inflammatory medications. Dkt 10, p. 4; Dkt 12 (Supplement to Amended Complaint), pp. 2-3 of 14. In response to Mr. Alicea's allegation that he was "again denied pain meds," *id*., Nurse Practitioner Whitten-Bailey states that Mr. Alicea was denied narcotics but received non-narcotic pain medications, including ibuprofen and acetaminophen. Dkt. 47, Whitten-Bailey Decl., ¶ 5, Dkt. 47-1, Ex. 4, pp. 28-29. In the Objective section of his medical records, Mr. Whitten-Bailey

REPORT AND RECOMMENDATION - 3

described Mr. Alicea as "Alert and oriented to person, place, and time. Appropriate affect. Moving all extremities normally. Gait normal. No focal defects seen." *Id.* However, Mr. Whitten-Bailey assessed Mr. Alicea as having acute pain, and a history of PTSD, abnormal grief loss, and depression. *Id.*

Mr. Whitten-Bailey's plan was to obtain the medical records from St. Joseph's Hospital and Greater Lakes, and he prescribed more ibuprofen and APAP (acetaminophen) for pain. *Id.*, p. 29. On December 31, 2016, Mr. Alicea was examined by CCS medical provider Virginia Richardson, ARNP, for a Mental Status Exam. Dkt. 46, Nelson Decl., ¶ 9; Dkt. 46-1, Ex. 2, pp. 9-10. Nurse Richardson prescribed additional medications for Mr. Alecia, including the anti-depressants Bupropion, Wellbutrin Sr, Trazodone, and Prazosin (for high blood pressure). *Id.*, Ex. 2, pp. 9, 14-17.

On January 2, 2016, Mr. Alicea submitted and CCS received, a second Medical Kite. Dkt. 46, Nelson Decl., ¶ 10; Dkt. 46-1, Ex. 5, p. 33 [01/02/16 Medical Kite]. In this Kite, Mr. Alicea requested adjustment of his medication Wellbutrin. *Id.* CCS informed Mr. Alicea that day that he would be seen by a mental health provider. *Id.*

On January 5, 2016, Mr. Alicea was examined by Virginia Richardson, ARNP, for a Mental Status Exam in response to his medical kite. Dkt. 46, Nelson Decl., ¶ 11, Dkt. 46-1, Ex. 2, p. 10. Nurse Richardson amended the Wellbutrin prescription as requested by Mr. Alicea. *Id.*, Ex. 2, p. 16. Mr. Alecia's other prescriptions were already extended past that date. *Id.*

Although Mr. Alecia indicates his leg was infected on January 10, 2016, and that he saw Mr. Whitten-Bailey on this date, (Dkt 10, ¶ 5), the medical records reflect that the visit occurred on January 11, 2016. Dkt. 47, Whitten-Bailey Decl. at ¶ 12; Dkt. 47-1, Ex. 4, p. 29. Mr. Alicea did not submit a medical request form for this condition but states that he waited in the pill line

REPORT AND RECOMMENDATION - 4

and showed his condition to a nurse, who immediately walked Mr. Alicea down to the medical area, where he was again seen by medical provider Ron Whitten-Bailey. Dkt 10, p. 5; Dkt. 47, Whitten-Bailey Decl., ¶ 6. When Mr. Whitten-Bailey examined Mr. Alicea, he noted that there was a lower left leg wound that was healing, but that it did not have infection. Dkt 12 at 2 of 14); Dkt. 47, Whitten-Bailey Decl., ¶ 6; Dkt. 47-1, Ex. 4 at 28. Mr. Whitten-Bailey indicated: "Area is dry without redness or drainage – temperature of leg is the same. No increase[] in stated pain." *Id.* Mr. Whitten-Bailey indicated to Mr. Alicea that he should wash the wound with soap and water when showering and otherwise keep the area dry. *Id*.

On January 14, 2016, Mr. Alicea was transferred to the King County Regional Justice Center (RJC Jail). Dkt. 10, p. 4.3.

## LEGAL STANDARDS

**A.     Summary Judgment**

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000). A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

REPORT AND RECOMMENDATION - 5

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

**B.     42 U.S.C. § 1983**

To be entitled to relief under 42 U.S.C. § 1983, a plaintiff must show: (i) the conduct complained of was committed by a person acting under color of state law; and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is not merely a "font of tort law." *Parratt*, 451 U.S. at 532. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

To prevail and recover damages against any of the named prison officials, the inmate must prove (1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of the inmate's Eighth Amendment right to be free from cruel and unusual punishment. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

REPORT AND RECOMMENDATION - 6

**C.      Eighth Amendment – Deliberate Indifference to Medical Need**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (*quoting McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (*citing McGuckin*, 974 F.2d at 1060).  To state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (*citing Estelle*, 429 U.S. at 105–06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir.1995); *see also McGuckin*, 974

REPORT AND RECOMMENDATION - 7

F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1986). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).

## DISCUSSION

Mr. Alicea alleges that the Medical Providers failed to give him narcotic medication and delayed in seeing him, however the record reflects that he was given non-narcotic painkillers. Numerous courts have found that the failure to give narcotic painkillers instead of non-narcotic painkillers is not proof of deliberate indifference. *See, e.g., Holloway v. Delaware County Sheriff*, 700 F.3d 1063 (7th Cir.2012) (no constitutional violation stated where jail physician did not believe OxyContin was necessary and instead prescribed plaintiff non-narcotic pain medication); *Rush v. Fischer*, 923 F. Supp. 2d 545, 555 (S.D.N.Y. 2013) ("decision to prescribe one form of pain medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs"); *Heggem v. Allbert*, C08-328-RSL-JPD, 2008 WL 5186536 (W.D. Wash. Dec. 9, 2008) ("plaintiff makes no showing that defendant's refusal to provide opiate painkillers violates contemporary standards of decency"); *Bennett v. King Cty. Jail Health Servs. Dep't*, No. C12-1931-JCC, 2013 WL 5724023, at *12 (W.D. Wash. Oct. 21, 2013) ("[a]lthough plaintiff wanted the JHS medical staff to provide him with narcotic pain medication

rather than acetaminophen to help relieve his pain, plaintiff's difference of opinion with the JHS medical providers is insufficient to establish deliberate indifference"); *Jackson v. Multnomah Cnty.*, 2013 WL 428456 at *6 (D. Or. Feb. 4, 2013) (providing ibuprofen instead of opiates does not support a constitutional violation) (*citing Snipes v. DeTella*, 95 F.3d 586, 591(7th Cir.1996) (failure to provide local anesthetic for pain does not suffice for an Eighth Amendment claim); *Salvatierra v. Connolly*, 2010 WL 5480756 at *20 (S.D.N.Y. Sept. 1, 2010) (providing ibuprofen instead of Percocet does not deprive an inmate of one of life's necessities); *Fields v. Roberts*, 2010 WL 1407679 at *4 (E.D. Cal. April 7, 2010) (refusing to prescribe narcotic pain medication even when an outside doctor recommended it is a difference in medical opinion on the proper course of treatment and is not a basis for an Eighth Amendment claim); *Lujan v. Winters*, 2013 WL 2031796 (D. Or. May 14, 2013) ("With respect to his request for different pain medication based on his chronic pain, the failure to administer narcotic pain medication in such circumstances does not rise to the level of a constitutional infringement").

Here, there is no evidence that either CCS or Mr. Whitten-Bailey was deliberately indifferent to Mr. Alicea's medical needs. Mr. Whitten-Bailey approved pain medication for Mr. Alicea from his first full day at SCORE and made sure that he had them throughout his stay. Nurse Richardson also saw Mr. Alicea for his mental health issues and provided him with medication. According to Mr. Alicea and the medical records, Mr. Whitten-Bailey saw Mr. Alicea on at least two occasions, provided him pain medications, gave him an extra mattress, and treated his leg wound. The only allegation against Mr. Whitten-Bailey regarding the treatment provided to Mr. Alicea is that Mr. Whitten-Bailey would not provide him with narcotics. However, Mr. Alicea has presented no evidence that the failure to administer narcotic medication instead of the non-narcotic pain relievers he was given constituted deliberate indifference.

REPORT AND RECOMMENDATION - 9

Mr. Alicea also alleges a delay in receiving medical treatment. However, the summary judgment evidence reflects that Mr. Alicea was seen by a medical provider the same day that he submitted his first medical request form. Dkt. 46, Nelson Decl. at ¶¶ 5-6; Dkt. 47, Whitten-Bailey Decl. at ¶ 5; Dkt. 47-1, Ex. 4 at 28-29. While CCS intended to have an earlier appointment with him, Mr. Alicea was admitted to SCORE jail during the holiday season when the jail was particularly busy, and that initial appointment had to be rescheduled. Dkt. 46, Nelson Decl. at ¶ 7. Despite the brief delay, Mr. Alicea began receiving pain medications almost immediately upon being booked into the jail, and he continued to receive pain medications for the entirety of his stay at SCORE jail. *Id*., ¶ 4; Dkt. 46-1, Ex. 2, pp. 18-23.

A mere delay in treatment, without more, is insufficient to state a claim of deliberate medical indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). A plaintiff must show that that a delay was harmful, *i.e*., that the delay caused him a "tangible residual injury," *Stiltner v. Rhay*, 371 F.2d 420, at 421 n. 3 (9th Cir.1967). Mr. Alicea has shown no such tangible residual injury from any delay in his treatment or even that he required additional treatment beyond the pain medication he was already receiving.

### C.   *Monell* Liability – CCS

Mr. Alicea has sued CCS as an entity. An entity can be found liable under § 1983 only where the entity itself causes the constitutional violation at issue, but "respondeat superior or vicarious liability will not attach under § 1983." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978). If "there is no constitutional violation, there can be no municipal liability." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008).

To establish 1983 entity liability, Mr. Alicea must prove that (1) he was deprived of a

REPORT AND RECOMMENDATION - 10

constitutional right; (2) the entity had a custom or policy; (3) that amounted to a deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Burke v. County of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009) (*citing Monell*, 436 U.S. at 694).  In addition to having an official policy or custom which results in a constitutional violation, a plaintiff may also establish municipal liability by showing that: (1) omissions or failures to act amount to a policy of deliberate indifference to constitutional rights; or (2) an official with final policymaking authority ratifies a subordinate's unconstitutional conduct.  *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010).

Because there is no evidence that Mr. Alicea's medical treatment violated the Eighth Amendment, there is no § 1983 liability as to CCS.  Mr. Alicea also has not shown that any unconstitutional treatment was the result of a CCS policy, or that any such alleged conduct was ratified by any CCS official with final policymaking authority.

## CONCLUSION

Viewing the record in the light most favorable to Mr. Alicea, the undersigned concludes that Mr. Alicea has failed to demonstrate the existence of a material issue of fact relating to his claims that the Defendants Correct Care Solutions, LLC and Ron Whitten Bailey violated his constitutional rights.  Accordingly, it is recommended that defendants' motion for summary judgment (Dkt. 44) be **GRANTED** and all claims against them **dismissed with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 18, 2016,** as noted in the caption.

**DATED** this 31st day of October, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12