UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHAN R. ALICEA,

                Plaintiff,

    v.

SCORE JAIL, et al.,

                Defendants.

No. C16-5153 RBL-TLF

**REPORT AND RECOMMENDATION**
**Noted for: July 21, 2017**

Defendant NaphCare, Inc. moves for dismissal of Plaintiff Nathan R. Alicea's claims pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 41(b) for failure to prosecute or, alternatively, for dismissal pursuant to Fed. R. Civ. P. 56 for failure to exhaust and/or failure to state a claim of Eighth Amendment deliberate indifference. Dkt. 61. NaphCare also contends that as an entity, it cannot be held liable. Mr. Alicea, a former prisoner proceeding pro se, claims that NaphCare, the medical provider at the Pierce County Jail, and "supv. John Slothower" were deliberately indifferent to his serious medical needs during the time he was confined at the Pierce County Jail between January 15, 2016, and April 25, 2016.[1]

The undersigned recommends that NaphCare's motion for summary judgment be granted on the grounds that Mr. Alicea has failed to establish a constitutional violation. For this reason,

---

[1] Naphcare, Inc., John Slothower, and Zackary Johnson are the only remaining defendants in this lawsuit. *See* Dkts. 49, 57, and 59 (dismissing Pierce County, Correct Care Solutions, Ron Whitten-Bailey, and SCORE Defendants). Mr. Johnson's motion for summary judgment (Dkt. 66) will be addressed by separate report and recommendation.

REPORT AND RECOMMENDATION - 1

the Court need not address NaphCare's alternative procedural grounds of failure to prosecute and exhaustion.

## STATEMENT OF FACTS

### A.   Plaintiff's Allegations

In his sworn amended complaint, Mr. Alicea states that he arrived at the Pierce County Jail on January 15, 2016, and was screened by Anthony (last name unknown), an employee of NaphCare. Mr. Alicea told Anthony that he had been in a motorcycle accident less than 30 days before and had sustained a dislocated right shoulder, dislocated hip, and five broken ribs. Dkt. 10, p. 6. Mr. Alicea asked to be placed in a lower bunk on a lower tier. Anthony assigned Mr. Alicea to a lower bunk but it was not on an upper tier. Mr. Alicea states that the pain was unbearable when he had to climb the 20 stairs to his cell. *Id.*

The next day, on January 16, 2016, Mr. Alicea requested again to be placed on a lower bunk. He references "Request #14383," which is not part of the record. Mr. Alicea states that he "told medical again that I would like to be placed on a lower bunk (HSR) as well as I can bearly [sic] walk up and down the stairs do [sic] to pain & suffering let alone climb up an [sic] down on an upper bunk." *Id.*, p. 7. Mr. Alicea says he was told "you have been placed on a lower for now until we get your x-rays." Although Mr. Alicea signed three releases for his x-rays from St. Joseph's Hospital, he claims that the x-rays were never released to NaphCare. *Id.*, p. 7.

On January 28, 2016, the pain in Mr. Alicea's left leg from hip to foot was severe enough to bring him to tears and he sent a kite to medical. He was told that an appointment had been scheduled, but he was never seen. Mr. Alicea acknowledges, however, that his ribs were x-rayed during the time he was incarcerated at the Pierce County Jail and claims that the x-ray confirmed that his ribs were broken. Mr. Alicea was given an anti-inflammatory but complains that "they

REPORT AND RECOMMENDATION - 2

never wrapped by ribs or nothing." *Id.* He also claims that his prescription of Ibuprofen was suspended from February 3, 2016, until February 9, 2016. *Id.*

As of April 21, 2016, Mr. Alicea was in 3C52 on the upper tier and was still complaining of shooting pain from his hip to his foot, and numbness in his feet due to nerve damage. He claims that he had not seen a doctor since he left the hospital on December 22, 2015, and that he lives in pain all day long. *Id.*, p. 8.

In section IIIC of his amended complaint, Mr. Alicea names "supv. John Slothower" as "an additional defendant." However, he asserts no allegations against Mr. Slothower.

**B.     NaphCare Records**

According to his medical records, Mr. Alicea was initially screened by Anthony Wiemore, EMT, on January 15, 2016. Dkt. 63, Declaration of Jonathon Slothower, Health Services Administrator for NaphCare, at Dkt. 63-1 (Exhibit A), pp. 50-58.[2] Mr. Wiemore noted:

> Pt denies any drug or alcohol use. Pt speech clear. Pt states he has 5 broken ribs on his right side. Tender upon palpation. States he has dislocated shoulder and dislocated hip. Pt has bruising on posterior left ankle. States he has had xrays done at St. Joseph's hospital. States he was in a motorcycle accident on December 17th.

*Id.*, p. 58. On January 20, 2016, x-rays were taken of Mr. Alicea's ribs. Three views of his chest and right ribs showed "[m]inimally displaced fractures of the lateral aspect of the right 5th, 6th and probably 4th ribs…." *Id.*, p. 5. Mr. Alicea was prescribed two tablets of Ibuprofen 200 mg three times a day, which he received for the remainder of his incarceration at the Pierce County Jail. *Id.*, pp. 14-26.

---

[2] Citations are to CM/ECF pagination.

REPORT AND RECOMMENDATION - 3

On January 30, 2016, Mr. Alicea was seen by Registered Nurse Dimita Smith for complaints of left ankle pain. Mr. Alicea rated his pain an 8 out of 10. *Id.*, pp. 45-46. Nurse Smith noted:

> C/o pain to left lateral ankle not improving since MVA in 12/18/15. Upon visual inspection no acute redness, warmth, or inflammation noted. Pt c/o pain with palpitation and with pressure to lateral ankle during test in bed. Pt with slightly limping gait. Pt requesting another x-ray of ankle. Pt signed ROI for records from St. Joseph Hospital which is medical facility where he received treatment after MVA.

*Id.*, p. 46.

On February 1, 2016, Mr. Alicea was seen by Miguel Balderrama, M.D., the Pierce County Jail's Medical Director. At that time, Mr. Alicea reported that he was still having pain in the area of the left hip and left heel. Dkt. 63, Slowthower Decl., ¶2; Dkt. 63-1 (Exhibit A), p. 33. Dr. Balderrama offered Mr. Alicea no other treatment, other than Ibuprofen for the leg pain. *Id.*

Mr. Alicea was seen again in the Pierce County Jail's medical unit on four occasions in February 2016, and on one occasion in March 2016, for issues unrelated to his claims in this lawsuit. *See generally,* Dkt. 63-1. He was released from the Pierce County Jail on April 25, 2016.

**SUMMARY JUDGMENT STANDARD**

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the

REPORT AND RECOMMENDATION - 4

absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson*, 477 U.S. at 248. In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1121 (9th Cir. 1995).

## DISCUSSION

**A.      Eighth Amendment Medical Care**

To be entitled to relief under 42 U.S.C. § 1983, a plaintiff must show: (i) the conduct complained of was committed by a person acting under color of state law; and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

REPORT AND RECOMMENDATION - 5

United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (*quoting McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (*citing McGuckin*, 974 F.2d at 1060). To state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The medical need must be serious in the constitutional sense, and the indifference to medical needs must be substantial. For example, some indications of a serious medical need that falls within the Eighth Amendment protection would be: if a plaintiff shows the existence of an injury that a reasonable doctor or patient would find to be important and worthy of comment or treatment; a medical condition that would significantly affect an individual's daily activities; and a condition that creates chronic and substantial pain. *Colwell v. Bannister,* 643 F.3d 1060, 1066-1067 (9th Cir. 2014). Allegations that amount to indifference, negligence, or medical malpractice will not support an Eighth Amendment cause of action under Section 1983. *Broughton v. Cutter*

REPORT AND RECOMMENDATION - 6

*Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (*citing Estelle*, 429 U.S. at 105–06). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also McGuckin*, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1986). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).

NaphCare first argues that Mr. Alicea did not suffer from a "serious" medical need. Dkt. 61, pp. 9-10. Arguably, Mr. Alicea's medical records, evaluation, x-rays, and allegations of ongoing pain, are sufficient to present a genuine issue of material fact regarding the existence of a serious medical need. *Colwell v. Bannister,* 763 F.3d 1060, 1066-67 (9th Cir. 2014). His medical records show that examining medical providers found his ailments worthy of comment, they recommended treatment and prescribed Ibuprofen for ongoing pain. Even if the first part of the standard is arguably a genuine issue, the plaintiff cannot overcome the defendants' summary judgment motion as to second part of the Eighth Amendment standard, because the plaintiff has not come forth with any evidence that a NaphCare employee was deliberately indifferent to his serious medical needs.

REPORT AND RECOMMENDATION - 7

After Mr. Alicea's transfer to the Pierce County Jail, his medical records (which are not in dispute) reflect that he was seen by NaphCare medical providers on January 15, 2016 (his initial screening), January 20, 2016 (for x-rays), January 30, 2016 (for left ankle pain), and on February 1, 2016 (for left hip and left ankle pain).  Mr. Alicea received two tablets of Ibuprofen 200 mg three times a day for pain while he was in the Pierce County Jail.  After February 1, 2016 and until his release on April 25, 2016, the plaintiff did not complain about his motorcycle injuries.  Although he was seen at the medical unit on five more occasions in February and March 2016, the visits were for issues unrelated to his motorcycle injuries.  Dkt. 63-1 (Exhibit A).  There is no evidence that the care he received and the course of treatment chosen was medically unacceptable under the circumstances or that anyone at NaphCare chose the course of treatment in conscious disregard of an excessive risk to Mr. Alicea's health.

Mr. Alicea also complains (1) that he was not assigned to a lower bunk on a lower tier and that it was painful to walk 20 steps to his tier; (2) that his Ibuprofen was stopped for six days; (3) that his ribs should have been wrapped; and (4) that he was not seen by a doctor since his discharge from St. Joseph's Hospital on December 22, 2015.  Dkt. 10, pp. 6-8.  As to his second and fourth complaints, Mr. Alicea's medical records reflect that his Ibuprofen prescription was uninterrupted and that he was seen by Dr. Balderama, the Pierce County Jail's Medical Director, on February 1, 2016.  Even if there had been a delay in his medication, Mr. Alicea has provided no evidence that the delay was harmful.  *See, e.g.*, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (mere delay in treatment is insufficient to state a claim of deliberate medical indifference unless the denial was harmful);  *see also* Report and Recommendation, Dkt. No. 52 at 10 ("Mr. Alicea has shown no such tangible residual injury from any delay in his treatment or

REPORT AND RECOMMENDATION - 8

even that he required additional treatment beyond the pain medication he was already receiving.").

Mr. Alicea was immediately placed in a lower bunk when he was admitted to the Pierce County Jail.  Two days later, Mr. Alicea asked again to be placed in a lower bunk and complained to the medical personnel that he could barely walk up and down the stairs.  He was told that he had been placed in a lower bunk pending release of his x-rays.  Mr. Alicea has alleged no more than negligence.  There is no evidence that any defendant knew he faced a serious risk of harm from having to walk up the stairs or that in fact, there was any medical reason for Mr. Alicea to be in a lower bunk (which he was) or on a lower tier.  Mr. Alicea received treatment for his injuries including examination by a doctor and nurses, x-rays, pain medication, and a lower bunk.  His claim that he suffered pain when climbing the stairs does not amount to a constitutional violation.

Mr. Alicea contends that his ribs should have been wrapped.  Because the plaintiff provides no evidence that such treatment was medically necessary or that he required any treatment beyond that which he was receiving or had received, this allegation does not state a claim for relief under the Eighth Amendment.  A prisoner has no right to any specific medical care but is entitled to reasonable medical care only. *See Forbes v. Edgar*, 112 F.3d 262, 268 (7th Cir. 1997).  While Mr. Alicea may have disagreed with the treatment he was provided, his disagreement is not enough to establish deliberate indifference.

Based on the foregoing, the undersigned recommends that NaphCare is entitled to summary judgment on Mr. Alicea's Eighth Amendment claim.  Because Mr. Alicea asserted no allegations and provided no evidence that the defendant Mr. Slothower caused or personally

REPORT AND RECOMMENDATION - 9

participated in causing the deprivation of any constitutional right, Mr. Slothower must also be dismissed.

**B.    *Monell* Liability**

Mr. Alicea has sued NaphCare as an entity. An entity can be found liable under § 1983 only where the entity itself causes the constitutional violation at issue, but "respondeat superior or vicarious liability will not attach under § 1983." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978). If "there is no constitutional violation, there can be no municipal liability." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008).

To establish § 1983 entity liability, Mr. Alicea must prove that (1) he was deprived of a constitutional right; (2) the entity had a custom or policy; (3) that amounted to a deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Burke v. County of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009) (*citing Monell*, 436 U.S. at 694).

Mr. Alicea has not identified any NaphCare custom or policy that amounts to deliberate indifference, or that any such policy was the moving force behind a constitutional violation. Moreover, as there is no evidence that Mr. Alicea's constitutional rights were violated during his stay at the Pierce County Jail, there is no § 1983 liability as to NaphCare.

## CONCLUSION

Viewing the record in the light most favorable to Mr. Alicea, the undersigned concludes that Mr. Alicea has failed to demonstrate the existence of a material issue of fact relating to his claims that NaphCare and/or John Slothower violated his constitutional rights. Accordingly, it is recommended that NaphCare's motion for summary judgment (Dkt. 61) be **GRANTED** and that all claims against NaphCare and Mr. Slothower be **dismissed with prejudice**.

REPORT AND RECOMMENDATION - 10

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. Rule 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **July 21, 2017,** as noted in the caption.

**DATED** this 6th day of July, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11